UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA PRUITT,<br><br>             Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration,<br><br>             Defendant. | ) No. 05-3487-PJW<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking reversal of the decision by Defendant Social Security Administration ("the Agency") denying her benefits. She asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the Agency's decision is reversed and the case is remanded for further proceedings.

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was, at the time of the administrative hearing, 48 years old, with two years of college and past relevant work as a

property manager, hospital clerk, and receptionist.  (AR 51, 72, 75.) On May 15, 2003, she filed an application for Disability Insurance Benefits ("DIB"), alleging inability to work since August 15, 2000, due to anxiety, depression, high blood pressure, headaches, back pain, and insomnia.[1]  (AR 51, 66).  Following denials of her claim at the initial and reconsideration levels, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 20-23, 25-29.)

On June 1, 2004, the ALJ convened a hearing, at which Plaintiff appeared with her non-lawyer representative.  (AR 167-84.)  The ALJ did not take any testimony at the hearing.  Instead, she explained to Plaintiff's representative that there was no evidence in the file that Plaintiff was disabled as of her date last injured, March 31, 2003. (AR 167-84.)  The ALJ granted Plaintiff a five-month continuance to obtain records to support her disability claim.

On November 1, 2004, the ALJ held a second hearing.  (AR 185-204.)  Plaintiff and a vocational expert testified.  (AR 187-204.) On January 24, 2005, the ALJ issued a decision denying Plaintiff's claim.  (AR 14-17.)  Following the five-step sequential evaluation procedure outlined in 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  At step two, she found that Plaintiff failed to establish that she had a severe impairment as of March 31, 2003, the last date she was insured by

---

[1] It is unclear why there was no Supplemental Security Insurance ("SSI") application filed, given the fact that there were problems with her being able to establish disability as of her date last insured when Plaintiff testified that she had no income (AR 197), and the evidence indicates that her husband was on SSI (AR 159).  The ALJ repeatedly suggested that an SSI application should be filed.  (AR 175, 180, 197-98.)

social security.² (AR 17, 55.) Plaintiff requested review by the Appeals Council, which request was denied. (AR 5-7.) She then filed suit in this Court.

### III.
### STANDARD OF REVIEW

The Court will overturn an ALJ's decision if it is not supported by substantial evidence or is based on legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).) It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

### IV.
### DISCUSSION

At step two of the sequential evaluation process governing disability claims, Plaintiff had the burden to establish that she had a severe impairment--in this case depression--as of her date last insured, March 31, 2003.³ *See, e.g., Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). In an effort to meet this burden, she submitted

---

² In order to prevail in this case, Plaintiff must establish that she has been continuously disabled since on or before that last date that she was "insured" by the Agency. *Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1458 (9th Cir. 1995).

³ Though in her application Plaintiff raised other impairments--high blood pressure, back pain, and insomnia--she appears to be focused only on her claim of depression in this appeal.

a letter from her internist relating to her complaints of depression in 1996, medical records from a clinic where she was treated for depression from June 2003 to September 2003, and medical records from a treating psychiatrist (Dr. King), who began treating Plaintiff in April 2004 for depression.  (AR 103, 146-64.)

The 1996 records are irrelevant to the inquiry of whether Plaintiff was disabled between April 2000 and March 2003.  In fact, her doctor stated in a letter to the Agency that he did not have any knowledge about Plaintiff's condition after 1996.  (AR 103.)  The 2004 records, similarly, have little persuasive value because they related to Plaintiff's condition more than a year after the date last insured and are only marginally relevant to her disability status in March 2003.

What remains then are the treatment records relating to Plaintiff's treatment at the Los Angeles County Mental Health Clinic (Kedren) from June through September 2003.  (AR 155-64.)  In the initial session at Kedren in June 2003, Plaintiff was diagnosed with major depressive disorder.  She returned on two other occasions for treatment and therapy.  (AR 156, 161.)  The ALJ discounted the finding that Plaintiff suffered from depression in June 2003, concluding that it was:

> [I]nsufficient to establish that [Plaintiff] had a severe
> impairment before that date.  This is particularly true in
> light of the fact that the treatment notes, as sparse as
> they are, reveal drug use by [Plaintiff] at that time, which
> casts further doubt on the severity of the impairment in the
> absence of such drug abuse.  Moreover, [Plaintiff] did not
> seek mental health treatment again until April 2004, when

4

1       she started receiving treatment through the Los Angeles
2       County Department of Mental Health.
3  (AR 16.)
4       Thus, it appears that the ALJ focused on three things in
5  rejecting the Kedren records: 1) the treatment at Kedren began almost
6  three months after the date last insured, 2) Plaintiff was using drugs
7  when she went to Kedren for treatment, and 3) Plaintiff failed to
8  continue treatment at Kedren after September 2003.  As will be
9  explained below, however, these are not valid reasons to conclude at
10 step two that Plaintiff's depression is not severe.  For that reason,
11 the conclusion is rejected.
12      Common experience teaches us that the onset of psychiatric
13 impairments are not typically coincident with a patient's first visit
14 to a mental health professional.  The law governing social security
15 cases recognizes this fact and incorporates it into the evaluation
16 process.  *See, e.g.,* Social Security Ruling 83-20 ("In some cases, it
17 may be possible, based on the medical evidence to reasonably infer
18 that the onset of a disabling impairment(s) occurred some time prior
19 to the date of the first recorded medical examination, e.g., the date
20 the claimant stopped working."); *Armstrong v. Commissioner of the Soc.*
21 *Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998)("Although not diagnosed
22 until 1994, [the claimant's] depression could have been disabling long
23 before that time.").  In these situations, the ALJ is tasked with
24 determining when an impairment became disabling, with the
25 understanding that it may not have occurred on the day the claimant
26 first visited her doctor for treatment of the condition.
27      The ALJ recognized this.  At the first administrative hearing,
28 she told Plaintiff's representative that she would assume that

1 Plaintiff's condition existed for six months prior to the treatment
2 records.  (AR 176-77.)  Later, she told the representative:
3     You know, even if I find out, you know, you get a doctor's
4     report a couple of months after [March 31, 2003] or three
5     months into that, okay, I can apply retroactively some
6     period of time but not a year, that's just pushing it.
7 (AR 180.)

8     In her subsequent decision following the second hearing, the ALJ
9 assumed that Dr. King's April 2004 diagnosis of depression (when he
10 initially saw Plaintiff) should be extended retroactively for six
11 months before the April date.  (AR 17 ("While Dr. King's treatment
12 notes and evaluation may establish that the claimant was suffering a
13 severe and perhaps disabling impairment in April 2004, when he first
14 met her, and, given the benefit of the doubt, for a reasonable period
15 of approximately 6 months before that, the issue before me is what the
16 claimant's state was on March 31, 2003.").)  Yet, as to the diagnosis
17 from Kedren in June 2003 (that Plaintiff suffered from depression)
18 less than three months after her date last insured, the ALJ summarily
19 dismissed it on the ground that it was "insufficient to establish that
20 [Plaintiff] had a severe impairment before that date."  (AR 16.)
21 Thus, the ALJ concluded that the findings by Plaintiff's treating
22 doctor at Kedren from June through September 2003 should not be
23 applied retroactively at all.  The ALJ failed to explain why and the
24 Court is at a loss to explain it either.  Absent any explanation, the
25 Court cannot conclude that it is based on substantial evidence and it
26 is rejected.

27     The second reason provided by the ALJ for rejecting the Kedren
28 records was that they indicated that Plaintiff was taking drugs at the

6

time she went there for treatment.  This, too, is an insufficient reason for finding at step two that Plaintiff's impairment was not severe.  The mental health professionals who treated Plaintiff at the time recognized that she used drugs, yet they did not conclude that this was the cause of her mental/emotional impairments.  (AR 161.) Instead, they diagnosed her with major depressive disorder.  (AR 161.) The ALJ cannot simply disregard these findings because Plaintiff was taking drugs at the time.  In fact, the ALJ is not even supposed to consider Plaintiff's drug use at step two.  Drug use is taken into account only if the ALJ determines that Plaintiff is disabled at step five.  *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (holding ALJ erred by considering claimant's alcohol abuse at step two, prior to making a finding that claimant was disabled at step five).  As the court explained in *Bustamante*:

> [A]n ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. . . .  If the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant "would still [be found] disabled if [he or she] stopped using drugs."  20 C.F.R. §§ 404.1535, 416.935.

*Id*.

The ALJ's finding at step two that Plaintiff's depression was not severe because she was taking drugs at the time that she reported for therapy is not proper under *Bustamante* and is overruled.

Finally, as to the ALJ's finding that Plaintiff's failure to obtain treatment after September 2003 and before April 2004 indicates

7

that she did not suffer from depression in March 2003, the Court disagrees. The function of the step-two inquiry is to screen out frivolous claims. *Edlund v. Massanari*, 253 F.3d 1152, 1158-59 (9th Cir. 2001). The doctors in September 2003 and those in April 2004 found that Plaintiff suffered from major depression. Plaintiff's failure to continue treatment after September 2003 and before April 2004 cannot be the basis for concluding at the screening stage that she did not suffer from severe depression in March 2003. *Id*. (holding ALJ's rejection of treating physician's uncontroverted opinion at step two without citing clear and convincing reasons was error).[4]

V.

CONCLUSION

For all the foregoing reasons, the Court finds that the Agency's decision denying benefits is not supported by substantial evidence and is reversed. The case is hereby remanded to the Agency for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

Dated:     10/30/06     .


                                     /s/
                                  PATRICK J. WALSH
                                  UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\PRUITT, Y\Memo Opinion_Ord.wpd

---

[4] The Court has not overlooked the fact that for an impairment to be severe at step two it must significantly limit an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520. The Court notes, however, that the ALJ did not conclude that Plaintiff's major depressive disorder did not significantly limit her ability to work, rather, she concluded that there was insufficient evidence to establish that Plaintiff had a major depressive disorder as of March 31, 2003. (AR 17.)